IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT J. NOLAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 23-718 ) |
| MARTIN O'MALLEY,[1] *Commissioner of Social Security*, | ) ) ) ) |
| Defendant. | ) ) ) |

O R D E R

AND NOW, this 14th day of May, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's

---

[1] Martin O'Malley is substituted as the defendant in this matter, replacing former Acting Commissioner Kilolo Kijakazi pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).

decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2] Plaintiff argues that the Administrative Law Judge ("ALJ") erred in determining his severe impairments and in crafting his residual functional capacity ("RFC"). (Doc No. 14). Specifically, he contends that the ALJ failed to account for his mild limitations in all four areas of mental functioning, failed to recognize that his mental and cognitive limitations were severe impairments, and failed to follow the Social Security Administration's guidelines for evaluating headaches. (*Id.*). For the following reasons, the Court disagrees and affirms the ALJ's finding of non-disability.

The Court rejects Plaintiff's first argument that the ALJ erred by failing to include limitations in his RFC accommodating his mild limitations in all four areas of mental functioning: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself (collectively the "Paragraph B Criteria"). (*Id.* at 4-6). In this case, the ALJ made the following RFC determination:

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR. 404.1567(b) except he could only occasionally climb, balance, stoop, kneel, crouch, and crawl and he would need to avoid concentrated exposure (defined as more than two-thirds of the workday) to temperature extremes, wetness, humidity, respiratory irritants (like odors, fumes, dusts, and gases), and hazards.

(R. 22). Plaintiff argues this RFC did not incorporate his mild mental limitations in the Paragraph B Criteria and that this error was harmful. (Doc. No. 14 at 4-6). The Court disagrees.

As an initial matter, the Court notes that the ALJ's finding of mild limitations in each of the Paragraph B Criteria demanded no specific formulation of the RFC. *See Hess v. Comm'r of Soc. Sec.*, 931 F.3d 198, 209 (3d Cir. 2019) (stating "no incantations are required at steps four and five simply because a particular finding has been made at steps two and three."). The ALJ needs only have a "valid explanation" for the limitations included in the RFC. *Id.* at 211. Accordingly, merely finding that Plaintiff had mild mental limitations did not require the ALJ to include any specific restrictions in the RFC.

What the ALJ did do was to offer a sufficiently valid explanation for the findings included in Plaintiff's RFC with a thorough discussion of the evidence such that the Court

is satisfied that Plaintiff's RFC included all "credibly established" limitations. *Rutherford v. Barnhart*, 399 F.3d 546, 554 n.8 (3d Cir. 2005). The ALJ analyzed Plaintiff's mental impairments and exercised his discretion in choosing not to include limitations in the RFC specifically accommodating Plaintiff's mild limitations in the Paragraph B Criteria. The ALJ did so by analyzing the opinions of the state agency psychologists, Drs. Erin Nicole Urbanowicz, Psy. D., and James Vizza, Psy.D., who both concluded that Plaintiff had mild limitations in each of the Paragraph B Criteria. (R. 25). While the ALJ found these opinions to be persuasive, he was under no obligation to incorporate any express language into the RFC to account for them. *See Wilkinson v. Comm'r of Soc. Sec.*, 558 F. Appx. 254, 256 (3d Cir. 2014) (citations omitted) (explaining "no rule or regulation compels an ALJ to incorporate into an RFC every finding made by a medical source simply because the ALJ gives the source's opinion as a whole 'significant' weight . . . the controlling regulations are clear that the RFC finding is a determination expressly reserved to the Commissioner."); *Hess*, 931 F.3d at 209 (stating "no incantations are required at steps four and five simply because a particular finding has been made at steps two and three."). The ALJ also considered the opinion of Dr. Lindsay Ledwich, D.O., who opined that Plaintiff had some moderate work-related mental limitations, and the ALJ found this opinion unpersuasive. (R. 26). Further, the ALJ specifically noted that Plaintiff had received no formal mental health treatment. (R. 25). The ALJ also evaluated Plaintiff's testimony concerning his struggles with concentration, memory, brain fog, and fatigue, which the ALJ found not credible. (R. 23, 45, 55). In sum, the RFC is supported by substantial evidence, as the ALJ analyzed Plaintiff's mental impairments and concluded limitations were not needed to accommodate Plaintiff's mild limitations in the Paragraph B Criteria.

The Court also rejects Plaintiff's next argument that the ALJ failed to recognize that his mental and cognitive limitations were severe impairments. (Doc. No. 14 at 6-8). Plaintiff contends that his neuropsychological testing, statements, and testimony showed that his cognitive impairments significantly limited him. (*Id.* at 7). Plaintiff asserts that he underwent neuropsychological testing that confirmed impaired memory and showed he had impaired cognitive processing speed, executive functioning, and mental flexibility. (*Id.*) (citing R. 378, 384-85)). Additionally, he notes that his function report revealed that he can only prepare basic meals, sometimes forgets to shower, and must make lists or notes to remember things. (Doc No. 14 at 7 (citing R. 256-61)). Further, Plaintiff's testimony alleged that his mental limitations impacted his daily functioning. (Doc. No. 14 at 7 (citing R. 45, 51, 55-56)). After review of this evidence and the record as a whole, the Court finds the ALJ's analysis of Plaintiff's mental and cognitive limitations is supported by substantial evidence.

Under the controlling regulations, an impairment is severe only if it significantly limits the claimant's physical or mental ability to do "basic work activities." 20 C.F.R. § 404.1520(c). The claimant has the burden of showing that an impairment is severe.

3

---

*Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). Additionally, as a general matter, when an ALJ has articulated reasons supporting a credibility determination, that determination is afforded significant deference. *See Horodenski v. Comm'r of Soc. Sec.*, 215 Fed. Appx. 183, 188-89 (3d Cir. 2007). A claimant's subjective complaints of symptoms alone are insufficient for establishing disability. *See* 20 C.F.R. § 404.1529(a).

Here, substantial evidence supports the ALJ's determination that Plaintiff's mental and cognitive limitations were non-severe impairments. The ALJ sufficiently explained that Plaintiff's "major depressive disorder and mild cognitive impairment, considered singly and in combination, do not cause more than a minimal limitation in the [Plaintiff's] ability to perform basic mental work activities[.]" (R. 19). The ALJ did so by analyzing Plaintiff's neuropsychological testing, which was largely normal with only mild abnormalities, and Plaintiff's mental status examinations, which were also normal. (*Id.*). The ALJ also considered the broad functional areas of mental functioning, the Paragraph B Criteria, and explained how he concluded that Plaintiff had only a mild limitation in each of these areas. (*Id.*). In sum, the ALJ thoroughly analyzed Plaintiff's mental and cognitive limitations and came to a reasonable conclusion that these were non-severe impairments.

Plaintiff's argument that his statements and testimony compelled a different result is also unconvincing. The ALJ thoroughly evaluated Plaintiff's testimony and concluded that it was not entirely credible. (R. 23). The ALJ noted that Plaintiff continued to receive normal examination results, that he engages in many activities of daily living, and that Plaintiff has not received any formal mental health treatment during the relevant period. (R. 24-25). Accordingly, the ALJ's determination that Plaintiff's mental and cognitive impairments were non-severe is supported by substantial evidence. Further, even assuming the ALJ did err in finding Plaintiff's mental and cognitive limitations were non-severe impairments, such an error would be deemed harmless because the ALJ did not deny Plaintiff's claim at Step Two. *See Salles v. Comm'r of Soc. Sec.*, 229 Fed. Appx. 140, 145 n.2 (3d Cir. 2007) (stating "[b]ecause the ALJ found in [claimant's] favor at Step Two, even if he had erroneously concluded that some of her other impairments were non-severe, any error was harmless.").

Moreover, the Court does not find merit in Plaintiff's argument that the ALJ failed to follow the Social Security Administration guidelines for evaluating headache disorders. Specifically, Plaintiff argues that the ALJ did not follow Social Security Ruling ("SSR") 19-4p because he did not discuss how Plaintiff's migraines factor into the RFC and instead made only a "blanket statement that Listing 11.02 was not met 'because the record does not demonstrate abnormalities equivalent to' the specified criteria for seizures." (Doc. No. 14 at 9 (quoting R. 21)). Additionally, Plaintiff contends that the RFC is deficient because the ALJ found Plaintiff's migraines were severe at Step Two and did not include a corresponding RFC limitation. (*Id.* at 9-10).

4

SSR 19-4p provides a framework for ALJs to use in determining if a claimant has a medically determinable impairment ("MDI") of a primary headache disorder and provides guidance on how that disorder is evaluated.  SSR 19-4p, 2019 WL 4169635 (Aug. 26, 2019).   The Ruling contains nine questions relevant to headache disorders, and Plaintiff's arguments center on questions eight and nine: "8. [h]ow do we evaluate an MDI of a primary headache disorder under the Listing of Impairments? [and] . . . 9. [h]ow do we consider an MDI of a primary headache disorder in assessing a person's residual functional capacity?"  *Id.* at *7.   The Ruling provides pursuant to question eight that Listing 11.02, for epilepsy, "is the mostly closely analogous listed impairment for an MDI of a primary headache disorder."  *Id.*   Under question nine, the Ruling provides that the ALJ "must consider and discuss the limiting effects of all impairments and any related symptoms when assessing a person's RFC . . . [and the ALJ] consider[s] the extent to which the person's impairment-related symptoms are consistent with the evidence in the record." *Id.* at *7-8.

Here, it is clear the ALJ followed SSR 19-4p.  First, the ALJ followed the Administration's guidance at question eight by evaluating Plaintiff's migraines under Listing 11.02.  (R. 21).  The ALJ explained that this Listing was not met "because the record [did] not demonstrate abnormalities equivalent to generalized tonic-clonic seizures . . ."  (*Id.*).  The ALJ's analysis of this Listing was sufficient given that his "decision, read as a whole, illustrates that [he] considered the appropriate factors in reaching the conclusion that" Plaintiff did not meet the requirements for this Listing.  *Jones v. Barnhart*, 364 F.3d 501, 504-05 (3d Cir. 2004).  Second, the ALJ considered Plaintiff's migraines in determining his RFC, in accordance with question nine, by noting Plaintiff's diagnosis of "migraine with aura and without status migrainosus" and by acknowledging that Plaintiff reported his migraine headaches were "very manageable to his PCP" in July of 2020.  (R. 23-24).  All of this was factored into the RFC, which incorporated environmental limitations.  (R. 22 (stating Plaintiff would need to avoid concentrated exposure "to temperature extremes, wetness, humidity, respiratory irritants (like odors, fumes, dusts, and gases), and hazards.").  These environmental limitations were first opined by Dr. Nghia Van Tran, M.D., who explained that these limitations were needed due, in part, to accommodate Plaintiff's migraines.  (R. 25, 101).  The ALJ found this opinion generally persuasive and incorporated these environmental limitations into the RFC.  (R. 25-26).  Thus, the ALJ's decision demonstrates that he followed SSR 19-4p and substantial evidence supports his findings.

Accordingly, the Court affirms the decision of the ALJ.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 13) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 16) is GRANTED.

s/Alan N. Bloch<br>United States District Judge

ecf:    Counsel of record